COURT OF APPEALS OF VIRGINIA


Present:  Judges Koontz, Bray and Senior Judge Hodges


ELAINE ANNE MUSSER

v.   Record No. 2389-94-4                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
DAVID ROBERT MUSSER                            MAY 30, 1995


                                       FROM THE CIRCUIT COURT OF
FAIRFAX COUNTY
                      F. Bruce Bach, Judge

          (Gregory L. Murphy; Paul L. Mengel, III; Murphy,
          McGettigan, Richards & West, on brief), for appellant.

          (Roy J. Baldwin; Anna Hamrick, on brief), for
          appellee.


     Elaine Anne Musser (mother) appeals the decision of the

circuit court finding her guilty of contempt and deciding other

issues.  Mother raises the following issues on appeal:  (1)

whether, under the Uniform Child Custody Jurisdiction Act

(UCCJA), the Virginia trial court should have declined to

exercise jurisdiction; (2) whether the trial court lacked

jurisdiction because the matter had not been reinstated in the

circuit court; and (3) whether the trial court abused its

discretion in finding mother in contempt of court.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  Rule 5A:27.

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Jurisdictional Challenges

Mother has not demonstrated error or an abuse of discretion on the part of the trial court in exercising jurisdiction over this matter.  While mother and the children have lived in California since 1986, Virginia was the home state of the children at the start of the proceedings.  David Robert Musser (father) continues to be domiciled in Virginia.  The Virginia courts have ruled on visitation motions throughout the intervening period.  Therefore, the Virginia circuit court had jurisdiction under the provisions of the UCCJA.[1]  Code § 20-126(A)(1)(i).

Under Code § 20-130, "[a] court which has jurisdiction . . . may decline to exercise its jurisdiction . . . if it finds that is an inconvenient forum . . . and that a court of another state is a more appropriate forum."  Code § 20-130(A).  However, the statute also provides that

> [b]efore determining whether to decline or
> retain jurisdiction the court may communicate
> with a court of another state and exchange
> information assuring that jurisdiction will
> be exercised by the more appropriate court
> and that a forum will be available to the
> parties.

Code § 20-130(D).  "[B]efore the trial court should defer jurisdiction to another forum, it should know the identity of

---

[1]The Virginia codification of the UCCJA is found at Code §§ 20-125 through 20-146.

2

that forum." Mubarak v. Mubarak, 14 Va. App. 616, 622, 420 S.E.2d 225, 228 (1992).

The trial court indicated it was not opposed to considering a motion to transfer jurisdiction to the California courts. However, such a suggestion does not warrant the conclusion that jurisdiction was not properly before the circuit court. While the children's residence in California may merit a future determination that Virginia is an inconvenient forum, we cannot say the trial court abused its discretion in this instance by refusing to make that determination prior to ruling on father's rule to show cause for violations of existing court orders.

Similarly, we find unpersuasive mother's contention that the circuit court lacked concurrent jurisdiction with the district court until father filed a motion to reinstate the matter in the circuit court.

> A circuit court that transfers any matters to the juvenile and domestic relations district court pursuant to Code § 20-79(c) retains the power, in its discretion, to exercise its continuing jurisdiction over those matters. Statutes should not be construed in a manner that "would . . . enervate [and] impede . . . the administration of the . . . laws of the State."

Crabtree v. Crabtree, 17 Va. App. 81, 87, 435 S.E.2d 883, 887 (1993) (citation omitted, emphasis added). Therefore, the transfer to the district court did not affect the retention of jurisdiction by the circuit court.

### Finding of Contempt

3

Mother asserts that the trial court erred by failing to rule on her pending motion to reconsider. The written statement of facts indicates, however, that the motion was "ostensibly denied by the failure of the Court to rule on it." Mother also asserts that the evidence was insufficient to support the trial court's finding of contempt.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to father as the party prevailing below. "Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986). The trial court, as the finder of fact, was entitled to determine "[t]he weight which should be given to evidence and whether the testimony of a witness is credible." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).

Based upon the parties' testimony and supporting documents, including affidavits by the parties' children, the trial court found mother had refused to allow father to exercise his previously-ordered visitation rights over the Thanksgiving and Christmas holidays in 1993. We cannot say this determination was plainly wrong or without evidence to support it.

Accordingly, the decision of the circuit court is summarily affirmed.

4

<u>Affirmed.</u>